(No. 58625.—

MARSHALL FOSTER, Appellee, v. CHICAGO AND NORTH WESTERN TRANSPORTATION COMPANY, Appellant.

*Opinion filed June 29, 1984.*

·GOLDENHERSH, J., dissenting.

James P. Daley and George H. Brant, of Chicago, for appellant.

Roy W. Strawn, of Paul L. Pratt, P.C., of East Alton, for appellee.

JUSTICE CLARK delivered the opinion of the court:

This appeal asks us to determine whether a trial judge abused his discretion when he did not grant a motion to dismiss or transfer this case on the grounds of *forum non conveniens*. Plaintiff, Marshall Foster, was an employee of the defendant railroad in Clinton, Iowa, when he allegedly sustained a back injury on July 28, 1980. A laminectomy was performed on Foster's L5-S1 intervertebral disc space, but he continued to experience pain and loss of mobility. The laminectomy was performed in Dubuque, Iowa, and he filed suit on March 11, 1982, in Madison County, Illinois. His lawsuit was based

on the provisions of the Federal Employers' Liability Act (FELA) (45 U.S.C. sec. 51 *et seq.* (1976)). Defendant's motion to dismiss or transfer the cause to a more appropriate forum based on the doctrine of *forum non conveniens* was denied by the circuit court of Madison County on July 16, 1982. The appellate court granted defendant's petition for leave to appeal, and affirmed the order of the trial court (115 Ill. App. 3d 253), and we granted defendant's petition for leave to appeal (87 Ill. 2d R. 315(a)). We now reverse the decision of the appellate court.

Plaintiff is a resident of Clinton, Iowa, which is approximately 270 miles from the county seat of Madison County. All of the doctors who treated plaintiff are residents of Iowa, but one occurrence witness resides in Fulton, Whiteside County, Illinois, a short distance from Clinton, Iowa. The only connections with Madison County are that defendant's railroad tracks run through it and it is the site of plaintiff's lawyer's office. The statutory provisions of the FELA give concurrent jurisdiction to State and Federal courts, and contain the following clause:

> "Under this chapter an action may be brought in a district court of the United States, in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action. The jurisdiction of the courts of the United States under this chapter shall be concurrent with that of the courts of the several States." 45 U.S.C. sec. 56 (1976).

The doctrine of *forum non conveniens* has its origins in the English common law and has gained widespread acceptance in American jurisdictions. (See generally *Torres v. Walsh* (1983), 98 Ill. 2d 338, 347.) This doctrine assumes the existence of at least two forums in which the defendant is amenable to jurisdiction. (*Jones v. Searle Laborato-*

*ries* (1982), 93 Ill. 2d 366; *People ex rel. Compagnie Nationale Air France v. Giliberto* (1978), 74 Ill. 2d 90, *cert. denied* (1979), 441 U.S. 932, 60 L. Ed. 2d 660, 99 S. Ct. 2052; *Piper Aircraft Co. v. Reyno* (1981), 454 U.S. 235, 70 L. Ed. 2d 419, 102 S. Ct. 252; see generally Bickel, *The Doctrine of Forum Non Conveniens as Applied in the Federal Courts in Matters of Admiralty,* 35 Cornell L.Q. 12 (1949).) Thus, application of this doctrine invokes principles of convenience and fairness in choosing between two or more forums that have jurisdiction. Criteria for making this determination were set forth by the United States Supreme Court in *Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 508-09, 91 L. Ed. 1055, 1062-63, 67 S. Ct. 839, 843:

> "Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. \*\*\*
>
> Factors of public interest also have place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. \*\*\* There is a local interest in having localized controversies decided at home."

In Illinois, several cases have dealt with the application of *forum non conveniens* principles to FELA actions. In *Cotton v. Louisville & Nashville R.R. Co.* (1958), 14 Ill. 2d 144, this court held that the plaintiff's right to choose a forum in an FELA case could be tempered by *forum non conveniens* "only where it is shown that plaintiff is motivated purely by vexation and harassment." (14 Ill. 2d 144, 174.) This restrictive interpretation was overruled in *People ex rel. Chesapeake & Ohio Ry. Co. v. Donovan* (1964), 30

Ill. 2d 178, where the court held that such a test could effectively sterilize the doctrine of *forum non conveniens*. (30 Ill. 2d 178, 180. See also *Wieser v. Missouri Pacific R.R. Co.* (1983), 98 Ill. 2d 359, 367; *Adkins v. Chicago, Rock Island & Pacific R.R. Co.* (1973), 54 Ill. 2d 511.) It is now well settled that Illinois courts can apply the doctrine of *forum non conveniens* to FELA cases. This doctrine is no longer limited to cases where it is shown that the plaintiff's purpose in choosing a forum for an FELA claim is vexation and harassment of the defendant.

Although the plaintiff's choice of forum should be accorded a great deal of deference, this consideration is not absolute. This court has consistently held that a case should not be tried in a forum that has no significant factual connections to the cause of action. *Moore v. Chicago & North Western Transportation Co.* (1983), 99 Ill. 2d 73, 81; *Mesa v. Chicago & North Western Transportation Co.* (1983), 98 Ill. 2d 356, 358.

In the case at bar, we cannot detect a significant factual connection between the cause of action and Madison County. The plaintiff's attorney has an office in Madison County, and the defendant has railroad tracks running through Madison County, but these connections are not compelling when balanced against the considerations supporting a transfer of the case to another forum. The occurrence witness and the five doctors who treated the plaintiff will have to travel approximately 540 miles roundtrip, and expend several hundred dollars each, in order to participate in a trial in Madison County. We contrast this with the convenience factors pointing towards Clinton, Iowa, or Whiteside County, Illinois, which are much closer to the plaintiff's home, the doctors' residences, and the home of the occurrence witness.

We have reviewed the criteria set forth in *Gulf Oil*, and find that they do not warrant a trial of this cause in Madison County. Clinton, Iowa, and Whiteside County, Illinois,

are much closer to the sources of proof than Madison County. Compulsory process against the occurrence witness could be obtained in Whiteside County, where the occurrence witness resides. Thus, plaintiff's argument that the cause should be tried in Madison County because compulsory process can be obtained against the occurrence witness is without merit. The same claim can be made for Whiteside County, and this forum has the additional advantage of convenience for the occurrence witness and the doctors who may testify at the trial. The costs of obtaining witnesses would be greater in Madison County than in Clinton or Whiteside County, due to the distance between Madison County and the homes of the witnesses. The record also shows that Madison County has a severe backlog, with jury cases taking nearly three years to go to trial. Such congestion is complicated by the importation of hundreds of FELA cases from distant forums that have no relation to Madison County.

This holding is supported by recent decisions of this court. In *Espinosa v. Norfolk & Western Ry. Co.* (1981), 86 Ill. 2d 111, we ruled that a denial of a defendant's motion to dismiss under the doctrine of *forum non conveniens* in an FELA action could constitute an abuse of discretion. In *Chicago & North Western Transportation Co. v. Matoesian* (1981), 85 Ill. 2d 404, we held that *mandamus* was not an appropriate means to review the issue of a trial judge's discretion. Here, we are confronted with a different basis for review of the trial judge's order. Finally, in *Stambaugh v. International Harvester Co.* (1984), 102 Ill. 2d 250, we ordered a new trial due to improper venue in St. Clair County. Venue and *forum non conveniens* are distinct concepts. This court held in *Stambaugh* that the defendant was not doing business in St. Clair County. In the case at bar, the defendant is doing business in Madison County and venue is proper there. However, the doctrine of *forum non conveniens* requires us to look beyond the criteria in

venue cases to determine the relative convenience of each of the competing forums. It is this inquiry that convinces us that this case should be tried in a forum closer to the witnesses and the scene of the occurrence.

In the case at bar, a divided appellate court held that the case could proceed in Madison County, but a subsequent case decided by the same panel of the appellate court produced the opposite result. In *Petersen v. Chicago & North Western Transportation Co.* (1983), 117 Ill. App. 3d 163, the court held that an FELA case with no significant relation to Madison County should be transferred to a different forum under the doctrine of *forum non conveniens*. We agree with the panel's recent application of *forum non conveniens* principles to FELA actions, and believe that the case at bar should be tried in a forum with a greater connection to the parties and the occurrence that forms the gravamen of the complaint.

We therefore conclude that the trial judge abused his discretion when he denied defendant's motion to dismiss under the doctrine of *forum non conveniens*. The judgments of the circuit court of Madison County and the appellate court are reversed, and the cause is remanded for proceedings consistent with this opinion.

Since the statute of limitations involved in this case may have run, this disposition is conditioned on the defendant's waiver of the statute of limitations defense when the cause is transferred to another forum. If the defendant refuses to waive the statute of limitations defense, then the plaintiff should be given leave to reinstate the cause in the circuit court of Madison County.

*Judgments reversed;*
*cause remanded.*

JUSTICE GOLDENHERSH, dissenting:

I dissent and would affirm the order of the appellate court. In *Espinosa v. Norfolk & Western Ry. Co.* (1981), 86

Ill. 2d 111, 118, the court, quoting from *Lonergan v. Crucible Steel Co. of America* (1967), 37 Ill. 2d 599, held the doctrine of *forum non conveniens* was applicable " '*** whenever it appears that there is another forum that can better "serve the convenience of the parties and the ends of justice." ' " The doctrine has now evolved to the point where "the ends of justice" have ceased to be a factor and the doctrine is applied because the majority believes "that the case at bar should be tried in a forum with a greater connection to the parties and the occurrence that forms the gravamen of the complaint." 102 Ill. 2d at 385.

The majority opinion pays lip service to two general propositions: that the plaintiff's choice of forum should be accorded great deference, and that, absent an abuse of discretion, the decision of the trial court allowing or denying a motion to dismiss on the ground of *forum non conveniens* should not be disturbed. As a practical matter, the majority has completely abandoned the first proposition and appears to be concerned only with the alleged cost and inconvenience of producing the witnesses at the place of trial. With regard to the matter of abuse of discretion, the majority has forgotten that in order to find an abuse of discretion the contrary result must be apparent and has substituted its own concepts and findings for those of the circuit judge.

The majority says, too, "that a case should not be tried in a forum that has no significant factual connections to the cause of action." (102 Ill. 2d at 383.) This is, of course, one of the tests in determining in some instances whether a court has jurisdiction, but is wholly irrelevant to the question of *forum non conveniens*. It might also be noted that it is directly contrary to the express congressional intent that an FELA action may be brought where the defendant is doing business at the time of the commencement of the action, in both the Federal and State courts.

I note parenthetically that the finding of the circuit

judge hearing the matter is a more reliable indicator of the effect on the condition of the court docket of the retention or dismissal of a suit than is this court's analysis of the statistics to which the opinion refers. It should be further noted that there is no evidence in any record which has been before us that delay in trial of a case was caused by an FELA case which originated outside the boundaries of Illinois.

It seems anomalous indeed that in this day of instant communications, multistate law offices and the virtual obliteration of State boundaries, the majority has elected to erect a fence around the courts of Illinois constructed of a mistaken interpretation of the doctrine of *forum non conveniens*.