WILLIAM R. HERBERT, Plaintiff-Appellee, v. LOUISVILLE & NASH-
VILLE RAILROAD COMPANY, Defendant-Appellant.

Fifth District No. 5—84—0359

Opinion filed February 4, 1985.

John B. Gunn and James C. Cook, both of Walker & Williams, of Belle-
ville, for appellant.

Joseph L. Walsh and Michael S. Williams, both of Haley, Fredrickson &
Walsh, of East St. Louis, for appellee.

JUSTICE KARNS delivered the opinion of the court:

We granted defendant's petition for leave to appeal under Su-
preme Court Rule 306(a)(1)(ii) (87 Ill. 2d R. 306(a)(1)(ii)) from an order
of the circuit court of St. Clair County denying its motion to decline
jurisdiction under the doctrine of *forum non conveniens*.

On January 17, 1983, plaintiff brought this action for damages
against the defendant railroad because of injuries received while
working as a conductor on a train near Nashville, Tennessee, on Octo-
ber 15, 1982, when the caboose in which plaintiff was riding was
"suddenly, unusually and violently jolted," causing plaintiff to be
thrown to the floor. The action was predicated on common law negli-

gence and on alleged violations of defendant's duties under the Federal Employers' Liability Act, particularly the Safety Appliance Act (45 U.S.C. sec. 1 *et seq.* (1976)). The defendant railroad does business in St. Clair County, and venue in St. Clair County is proper. 45 U.S.C. sec. 56 (1976).

Plaintiff resides in Columbia, Tennessee, approximately 260 miles distant from St. Clair County; all occurrence witnesses and potential medical witnesses, except one doctor who practices in St. Louis, Missouri, are located in or around Nashville, Tennessee, some 300 miles from Belleville, Illinois. Defendant was a Kentucky corporation at the time of the occurrence but has since merged with Seaboard System Railroad, Inc., a Virginia corporation, having its headquarters at Jacksonville, Florida. The cause has absolutely no connection with St. Clair county other than being the place where plaintiff chose to file his action, and if defendant had timely filed its motion to decline jurisdiction, the motion should have been granted, considering the clear precedent heretofore established by the Illinois Supreme Court. (See, *e.g., Espinosa v. Norfolk & Western Ry. Co.* (1981), 86 Ill. 2d 111, 427 N.E.2d 111; *Mesa v. Chicago & North Western Transportation Co.* (1983), 98 Ill. 2d 356, 456 N.E.2d 1; *Wieser v. Missouri Pacific R.R. Co.* (1983), 98 Ill. 2d 359, 456 N.E.2d 98; *Moore v. Chicago & North Western Transportation Co.* (1983), 99 Ill. 2d 73, 457 N.E.2d 417; *Foster v. Chicago & North Western Transportation Co.* (1984), 102 Ill. 2d 378, 466 N.E.2d 198.) It is now firmly established that a case should not be tried in a forum that has no significant factual connection to the cause.

However, the defendant did not timely file a motion to decline jurisdiction because St. Clair County was an inconvenient forum. Instead, on January 26, 1983, it filed a motion to dismiss count I of the complaint, which was predicated on *res ipsa loquitur*, and on the same day filed an answer to counts II and III. On the same day, it propounded 53 interrogatories to plaintiff and requested production of relevant documents, including income tax returns, hospital and doctor bills and medical reports. Answers to interrogatories and documents were filed by plaintiff on July 22, 1983. Supplemental interrogatories and requests for production were subsequently filed by defendant. Plaintiff's discovery deposition was taken at the office of defendant's attorneys in Belleville on July 21, 1983.

It was not until May 11, 1984, approximately 16 months after the filing of plaintiff's complaint, that defendant filed its motion to decline jurisdiction on the basis of *forum non conveniens*. No discovery was conducted by defendant subsequent to the date on which plain-

tiff's discovery deposition was taken in July 1983. At the time of filing the motion to decline jurisdiction, plaintiff had not worked since January 1983.

In its order denying defendant's motion, the trial court noted that the motion was not filed until 16 months after the filing of the complaint and 10 months after defendant's discovery was completed, long after defendant had time to discover that a factual basis existed to warrant the filing of such a motion and after the court had ruled on a substantive issue in denying defendant's motion to dismiss count I of plaintiff's complaint. The trial court observed that it would be unfair to plaintiff after such a delay to require him to refile his lawsuit in another forum, renew discovery already completed and suffer the necessary delay until his case could be reached for trial.

■■ ■ In reviewing the decision of the trial court in denying a motion to decline jurisdiction because the forum chosen by plaintiff is not a convenient one in which to litigate a particular case, the decision of the trial court will not be overturned absent an abuse of discretion. (*People ex rel. Compagnie Nationale Air France v. Giliberto* (1978), 74 Ill. 2d 90, 383 N.E.2d 977; *Foster v. Chicago & North Western Transportation Co.* (1984), 102 Ill. 2d 378, 466 N.E.2d 198.) From our discussion of the facts of this case, we believe it is apparent that the trial court did not abuse its discretion in denying defendant's motion to decline jurisdiction.

If a defendant believes that the doctrine of *forum non conveniens* might be applicable in a given case, the motion to decline jurisdiction should be filed at the earliest practicable opportunity, which would normally suggest the first appearance date. Here, plaintiff's complaint set out the location of the occurrence of the event giving rise to plaintiff's cause of action as Kingston Springs, Tennessee. An employer must be charged with knowledge of the home address of its employee. It surely was apparent to defendant when this complaint was filed that the cause had little or no connection with St. Clair County. Yet, it waited 16 months before filing its motion to decline jurisdiction, 10 months after interrogatories were answered and plaintiff's discovery deposition was taken.

Nothing in the Civil Practice Act or the Code of Civil Procedure requires that a *forum non conveniens* motion be filed at any particular time. We would observe, by way of analogy, however, that section 2—104(b) of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—104(b)) provides that objections to improper venue are waived unless a motion to transfer is made "on or before the date upon which he or she is required to appear or within any further time that

may be granted him or her to answer \*\*\*." This time requirement has been strictly construed. (*Memorial Medical Center v. Matthews* (1984), 128 Ill. App. 3d 820.) In like manner, if a defendant is uncertain that *forum non conveniens* may be applicable, the trial court has the power to extend the time within which defendant must appear (87 Ill. 2d R. 183) so that the facts might be determined, or the defendant may file a motion to decline jurisdiction and request the trial court to reserve ruling on the motion until sufficient discovery is conducted to determine if the motion is well taken.

Defendant attempts to justify the delay in filing its forum motion because it states that when such motions are filed immediately, "plaintiffs request continuances to engage in discovery." We do not find this argument persuasive. Nor do we believe that *Lowe v. Norfolk & Western Ry. Co.* (1984), 124 Ill. App. 3d 80, 463 N.E.2d 792, is authority for defendant's assertion that a defendant cannot be considered to waive a forum objection no matter when the objection is raised. *Lowe* involved multiple defendants, some of whom settled with plaintiffs prior to trial. The trial in *Lowe* commenced before the effective date of the amendment to Supreme Court Rule 306, which made the denial of a forum motion subject to interlocutory appeal (85 Ill. 2d R. 306, amended Feb. 19, 1982, effective Apr. 1, 1982). In *Lowe*, the railroad initially joined in forum motions filed by other defendants which were denied. The opinion does not discuss the timeliness of these motions in relation to the commencement of the action. The denial was not at that time subject to permissive interlocutory appeal.

Furthermore, we do not consider the question to be one of waiver, but of fundamental fairness. When defendant answers and proceeds to discovery in the forum chosen by plaintiff, he indicates that he is satisfied to litigate the cause in that forum, and the case proceeds upward on the trial calendar. It can hardly be considered convenient to dismiss or transfer a case under these circumstances.

In *Adkins v. Chicago, Rock Island & Pacific R.R. Co.* (1973), 54 Ill. 2d 511, 301 N.E.2d 729, the court stated that "[f]orum non conveniens is a doctrine that is founded in considerations of fundamental fairness and sensible and effective judicial administration." (54 Ill. 2d 511, 514, 301 N.E.2d 729, 730.) There, a Michigan resident was killed in a crossing accident in Iowa. Suit was commenced in the United States District Court in Iowa. Interrogatories were filed and answered and depositions taken. After certain adverse rulings were made by the trial court, the plaintiff voluntarily dismissed the case and refiled it in the circuit court of Rock Island County. The trial court denied the railroad's motion to dismiss on the ground of *forum*

*non conveniens*, and the case was tried and a verdict returned for the plaintiff. The supreme court held that it was an abuse of discretion for the trial court to deny the motion, considering that the cause had no connection with Illinois, was ready for trial in Iowa for a year and a half and was dismissed after the trial court made pretrial rulings with which the plaintiff was dissatisfied.

Here, the complaint was on file for 16 months prior to the filing of the forum motion; interrogatories were filed and answered and plaintiff's discovery deposition taken; no discovery was accomplished for a 10-month period prior to the filing of the motion; and the trial court had ruled adversely to defendant on its motion to dismiss count I of plaintiff's complaint.

We believe that "considerations of fundamental fairness and sensible and effective judicial administration" fully warrant the denial of the motion to decline jurisdiction under these circumstances. It would be fundamentally unfair to require the plaintiff to refile the lawsuit in a Tennessee forum under these circumstances. We cannot say that the trial court committed an abuse of discretion in denying defendant's motion.

The judgment of the circuit court of St. Clair County is affirmed.

Affirmed.

HARRISON and KASSERMAN, JJ., concur.