CARL LEET, Plaintiff-Appellee, v. LOUISVILLE & NASHVILLE RAILROAD COMPANY, Defendant-Appellant.

Fifth District   No. 5—84—0393

Opinion filed February 26, 1985.

Walker & Williams, P.C., of Belleville (Dale L. Bode, of counsel), for appellant.

Eric D. Jackstadt, of Callis & Hartman, of Granite City, for appellee.

JUSTICE KARNS delivered the opinion of the court:

We granted defendant's petition for leave to appeal, pursuant to Supreme Court Rule 306(a)(1)(ii) (87 Ill. 2d R. 306(a)(1)(ii)), from the order of the circuit court of St. Clair County denying its motion to decline jurisdiction because St. Clair County was not a convenient forum in which to litigate the instant case.

On October 25, 1982, plaintiff brought this action for damages against the defendant railroad under the Federal Employers' Liability

Act (45 U.S.C. sec. 51 *et seq.* (1976)) because of injuries he received while working as a switchman near Louisville, Kentucky, on March 31, 1980.

Defendant appeared by filing a motion to dismiss, claiming that plaintiff had executed a release for any claim arising out of said occurrence. The motion was subsequently denied after plaintiff had filed an amended complaint pursuant to court order, and defendant then answered on February 24, 1983. Extensive discovery was conducted thereafter, including lengthy interrogatories and the discovery deposition of plaintiff and plaintiff's doctors. On May 18, 1983, defendant filed its motion to decline jurisdiction on the grounds of *forum non conveniens*, which was denied by the trial court on July 18, 1983. On May 5, 1984, defendant filed a motion to reconsider the denial of its forum motion, and this motion was also denied on May 23, 1984. This petition for leave to appeal was then filed on June 22, 1984.

This case would be governed by the reasoning and holding in our recent case, *Herbert v. Louisville & Nashville R.R. Co.* (1985), 130 Ill. App. 3d 624, wherein we stated that fairness and effective judicial administration justified the trial court's denial of a forum motion where the railroad had unduly delayed the filing of the motion. We would affirm the exercise of the trial court's discretion on this basis alone.

We are required, however, to dismiss this appeal for the reason that the petition for leave to appeal under Supreme Court Rule 306 must be "filed in the Appellate Court in accordance with the requirements for briefs within 30 days after the entry of the order" (87 Ill. 2d R. 306(a)(1)). Here, the original order of the trial court denying defendant's forum motion was entered on July 18, 1983. It was not until May 5, 1984, over eight months later, that defendant filed its motion to reconsider.

In *Trophytime, Inc. v. Graham* (1979), 73 Ill. App. 3d 335, 391 N.E.2d 1074, the court held that "[a] motion directed against an *interlocutory* order will not toll the running of the 30-day deadline for the filing of the notice of appeal." (73 Ill. App. 3d 335, 335, 391 N.E.2d 1074, 1074.) There, the appellant brought an interlocutory appeal under Supreme Court Rule 307 from the denial of an injunction. A motion to vacate the trial court's order was filed within 30 days and denied more than 30 days after original entry. The appellant argued that the motion to vacate filed within 30 days of the denial of the original motion extended the time for filing the notice of appeal. The court rejected this argument, citing *Seaman v. Lawn Savings & Loan Association* (1970), 128 Ill. App. 2d 181, 262 N.E.2d 823, where the court held that a motion filed within 30 days under the Civil Prac-

tice Act (Ill. Rev. Stat. 1969, ch. 110, par. 68.3) to vacate or modify final decrees or judgments in nonjury cases did not extend, nor have any effect on, the time within which notice of interlocutory appeal must be filed. (Here defendant's motion to reconsider was not even timely under the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—1203) if the Code provisions had otherwise been relevant.)

Supreme Court Rules 306 and 307 both provide that petitions for leave to appeal must be filed within 30 days after the entry of the order in the trial court from which the appeal is taken. There is no provision in either rule for extending the time for filing notice of appeal other than by permission of the reviewing court under Rule 306(a). We see no reason why the considered reasoning of the appellate court in *Trophytime, Inc.* should not govern our disposition here. There the court stated:

> "The grant or denial of the extraordinary relief of an injunction ordinarily has a substantial impact upon one of the parties. Rule 307 is an exception to the final judgment rule and allows a party to take an appeal from such interlocutory orders. We are aware of no authority, however, which would allow a motion (filed subsequent to the entry of an interlocutory order) to postpone the time in which to file a timely notice of appeal." (*Trophytime, Inc. v. Graham* (1979), 73 Ill. App. 3d 335, 336-37, 391 N.E.2d 1074, 1075.)

*Trophytime, Inc.* was followed in *In re Adoption of Anderson* (1980), 88 Ill. App. 3d 42, 410 N.E.2d 374, which pointed out that while review is precluded if not sought within 30 days, the trial court is not precluded from reviewing its order. In *Greco v. Coleman* (1984), 127 Ill. App. 3d 806, 469 N.E.2d 631, we stated that a petition for leave to appeal from an order granting a new trial, also governed by Supreme Court Rule 306 (87 Ill. 2d R. 306(a)(1)(i)), being interlocutory in nature, is governed entirely by supreme court rule and must be filed within 30 days from the entry of the order in the trial court, or within such extension of time as may be granted by the reviewing court, in order to vest the appellate court with jurisdiction. In that opinion we considered both Supreme Court Rules 306 and 307 to be governed by the same time constraints.

We hold, therefore, that we are without jurisdiction to consider the petition before us, and the appeal is accordingly dismissed.

Appeal dismissed.

JONES, P.J., and WELCH, J., concur.