ROBERT BARNES, Plaintiff-Respondent, v. SOUTHERN RAILWAY COMPANY, Defendant-Petitioner.

Fifth District   No. 5—85—0298

Opinion filed March 6, 1986.

Richard M. Roessler and Robert G. Wuller, Jr., both of Gundlach, Lee, Eggmann, Boyle & Roessler, of Belleville, for appellant.

Eric D. Jackstadt, of Callis & Hartman, P.C., of Granite City, for appellee.

JUSTICE HARRISON delivered the opinion of the court:

We granted defendant's petition for leave to appeal, pursuant to Supreme Court Rule 306(a)(1)(ii) (94 Ill. 2d R. 306(a)(1)(ii)), from the order of the circuit court of St. Clair County denying its motion to deny jurisdiction because St. Clair County was not a convenient forum in which to litigate the instant case.

On July 27, 1983, plaintiff brought an action in St. Clair County for damages against the defendant railroad under the Federal Employers' Liability Act (45 U.S.C. sec. 51 *et seq.* (1976)) for injuries allegedly suffered when he was exposed to poisonous fumes while he worked for defendant.

On March 15, 1984, defendant filed a motion to dismiss based on the theory of *forum non conveniens.* Defendant claimed that plaintiff lived in Kentucky, was injured in Ohio, and that the evidence in the case could be found in those two States. The trial court denied this motion on March 6, 1985, finding the motion was filed too late. On March 19, 1985, defendant filed a motion which was labeled a "Motion to Reconsider" the court's denial of the *forum* motion. The court

denied this motion on April 3, 1985. Defendant then filed a petition for leave to appeal in this court on May 6, 1985, which we granted on June 7, 1985.

Plaintiff has filed a motion to dismiss this appeal, which has been taken with the case. We grant this motion and dismiss the appeal.

Our recent decision in *Leet v. Louisville & Nashville R.R. Co.* (1985), 131 Ill. App. 3d 763, 475 N.E.2d 1340, guides us here. In *Leet*, a motion to decline jurisdiction based upon *forum non conveniens* was denied on July 18, 1983. A motion to reconsider the denial was filed on May 5, 1984, and the second motion was denied on May 23, 1984. The petition for leave to appeal under Rule 306(a)(1)(ii) was filed on June 22, 1984. We dismissed the appeal because of the requirement of Rule 306(a)(1) that a petition for leave to appeal from an order denying a *forum non conveniens* motion be filed within 30 days after entry of the order. Although in *Leet* the motion to reconsider was not filed within 30 days of entry of the order, we noted that a motion directed against an interlocutory order will not toll the running of the 30-day deadline for the filing of the notice of appeal. (*Leet v. Louisville & Nashville R.R. Co.* (1985), 131 Ill. App. 3d 763, 764, 475 N.E.2d 1340, 1341, citing *Trophytime, Inc. v. Graham* (1979), 73 Ill. App. 3d 335, 335, 391 N.E.2d 1074, 1074.) We found there was no provision for extending the time for filing a notice of appeal other than by permission of the reviewing court under Rule 306.

Thus, even though in the present case the motion to reconsider was filed within 30 days of the order denying the *forum* motion, defendant still was required to file its petition for leave to appeal within 30 days of the order of March 6, 1985, denying the *forum non conveniens* motion. Consequently, defendant's petition for leave to appeal filed on May 6, 1985, was not timely.

Defendant argues his motion to reconsider was really in the nature of a new motion to decline jurisdiction based upon *forum non conveniens*. However, the motion followed closely the court's denial of the original motion, alleged no grounds not found in the original motion and was labeled as a motion to reconsider. Consequently, we do not find this was a new, independent *forum non conveniens* motion.

For the foregoing reasons, we hold we are without jurisdiction to hear this appeal, and it is accordingly dismissed.

Appeal dismissed.

JONES and WELCH, JJ., concur.