HENRY P. WHEELER *et al.*, Indiv. and on behalf of all owners of Kansas Turnpike Authority 3⅜% Turnpike Revenue Bonds, dated October 1, 1954, Plaintiffs-Appellants, v. KANSAS TURNPIKE AUTHORITY *et al.*, Defendants-Appellees.

First District (4th Division) No. 86—2906

Opinion filed June 11, 1987.

David M. Hartigan, Carrie A. Durkin, Joan M. Kubalanza, and Cheryl L. Urbanski, all of Wilson & McIlvaine, of Chicago, for appellants.

Lawrence C. Gates and Dan Biles, both of Gates & Clyde, Chartered, of Overland Park, Kansas, for appellee Kansas Turnpike Authority.

Keith F. Bode, Laura A. Kaster, and Kenneth A. Kroot, all of Jenner & Block, of Chicago, for appellees Morgan Guaranty Trust Company of New York, Fourth National Bank and Trust Company, Wichita, and First National Bank of Topeka.

Albert G. Terrell, Zachary I. Stearns, and Luke Townsend, all of Terrell & Clifton, of Chicago, for appellee First National Bank of Chicago.

JUSTICE JIGANTI delivered the opinion of the court:

This appeal involves the application of the doctrine of *forum non conveniens* to determine which forum, Illinois or Kansas, should exercise jurisdiction over the dispute between the parties.

In 1954, the Kansas Turnpike Authority issued certain Turnpike Revenue Bonds in order to finance the construction of the Kansas Turnpike. A trust agreement entered into at that time governs the terms and conditions under which the bonds were to be issued and paid. The plaintiffs, Henry P. Wheeler and Barr Brothers & Company, a municipal bond dealer, were bondholders under the 1954 agreement. Under the agreement, holders of the bonds had a first lien on the revenues derived from the operation of the turnpike. In 1984, however, there was a defeasance of the 1954 bonds and a new issuance of revenue bonds by the Turnpike Authority. As a result of the defeasance, the 1954 bondholders' lien against the toll revenues of the turnpike was extinguished and in its place an irrevocable escrow agreement gave the bondholders the right to payment in a fixed fund invested in government securities. Also, the new agreement provides that the bonds would be redeemed beginning in 1989, rather than earlier as the plaintiffs argue the 1954 agreement requires.

The plaintiffs brought this action, individually and on behalf of all similarly situated bondholders, against the defendants, the Kansas Turnpike Authority, Morgan Guaranty Trust Company of New York, The Fourth National Bank and Trust Company (Wichita), The First National Bank of Topeka and The First National Bank of Chicago (collectively referred to as the defendants), alleging that the defendants breached the 1954 agreement by failing to redeem the bonds according to the terms of the 1954 agreement. Also, the plaintiffs sought a declaration that there should have been a redemption of the bonds rather than a defeasance because, according to the plaintiffs, there were sufficient funds available for redemption. In response, the defendants made two contentions. First, the defendants contend that the new repurchase and repayment agreement for the 1954 bonds does not violate the 1954 agreement and second, they argue that de-

feasance was necessary in order to finance approximately $70 million of repairs and improvements deemed necessary for continued travel safety on the turnpike.

The Kansas Turnpike Authority filed a motion to quash service of process for lack of personal jurisdiction. The remaining defendants filed a motion to dismiss the complaint on the grounds that Illinois is an inconvenient forum. In addition, the defendants argued that in light of the fact that subsequent to the plaintiffs' filing of their action in Illinois, the defendants had filed a similar lawsuit in Kansas against the plaintiffs, seeking declaratory relief as to the identical issues presented in the action filed by the plaintiffs in Illinois, the Illinois action should be dismissed under section 2—619(a)(3) of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—619(a)(3)). On motion by the defendant Kansas Turnpike Authority, the trial court found that Kansas is the proper jurisdiction to determine the issues. The order of the trial court is unclear. However, it is evident and the parties generally agree that the order dismisses the cause of action and that the question before this court is one of *forum non conveniens*.

 Under the doctrine of *forum non conveniens*, a court in which jurisdiction over the parties and subject matter may be obtained may decline jurisdiction of a case whenever it appears that another forum can better "serve the convenience of the parties and the ends of justice." (*Adkins v. Chicago Rock Island & Pacific R.R. Co.* (1973), 54 Ill. 2d 511, 514, 301 N.E.2d 729; *Meyers v. Bridgeport Machines Division of Textron, Inc.* (1986), 113 Ill. 2d 112, 117, 497 N.E.2d 745.) To determine whether the action should be dismissed under the doctrine, there are various private and public interest factors that the court must balance. (*Weaver v. Midwest Towing, Inc.* (1987), 116 Ill. 2d 279.) The most important consideration to be evaluated is the choice of forum by the plaintiff. Although the plaintiff's choice of forum is given deference, this choice may be set aside when the balance of relevant factors strongly favors the defendant. (*Torres v. Walsh* (1983), 98 Ill. 2d 338, 351, 456 N.E.2d 601.) The additional relevant factors to be considered include the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling witnesses; the cost of obtaining willing witnesses; and the public interest factor of having localized controversies decided at home. *Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 508-09, 91 L. Ed. 1055, 1062-63, 67 S. Ct. 839, 843; *Foster v. Chicago & North Western Transportation Co.* (1984), 102 Ill. 2d 378, 382, 466 N.E.2d 198.

The plaintiffs argue that applying these principles to the facts of

this case, the proper forum to adjudicate this dispute is Illinois. Principally, the plaintiffs rely upon the fact that they have chosen Illinois as the forum and that Illinois has an interest in the outcome of this matter. Also, the plaintiffs argue that the issues in this case revolve around the terms of the 1954 agreement and that, therefore, there is no need for witnesses and documents pertaining to anything outside that agreement. We believe, however, that the focus of this litigation relates not only to the terms of the 1954 agreement, but also to the subsequent matters pertaining to the propriety of the defeasance of the bonds and the circumstances surrounding the defeasance.

Considering the stated *forum non conveniens* factors, with respect to the plaintiffs' choice of forum and attendant interest of Illinois in this litigation, we note that Wheeler, a bond trader, did not purchase these bonds as a result of any solicitation or marketing that occurred in Illinois. Rather, Wheeler bought these bonds through a New York firm in the secondary bond market. Wheeler became a plaintiff in this litigation only after answering an ad placed by Barr Brothers in The Wall Street Journal seeking an Illinois resident who was currently a holder of the 1954 issue. At least as to the aspect of this litigation in which Wheeler is suing on behalf of similarly situated bondholders, Wheeler's choice of forum in his representative capacity is of less significance. (*Moore v. Chicago & North Western Transportation Co.* (1983), 99 Ill. 2d 73, 79, 457 N.E.2d 417.) Regarding the plaintiff Barr Brothers' choice of forum, the question remains whether the balance of factors so strongly favors the defendant as to warrant less deference to be accorded the plaintiffs' choice in this case. *Espinosa v. Norfolk & Western Ry. Co.* (1981), 86 Ill. 2d 111, 123, 427 N.E.2d 111.

One factor to be balanced against the plaintiffs' choice of forum is the ease of access of proof. The defendants specifically identify a substantial number of Kansas residents, including various members of the Kansas Turnpike Authority, who will testify at trial. The general subject matter to be discussed by these witnesses includes the need for repairs and improvements on the Turnpike, the costs of the repairs, the purpose of the defeasance and the financial need for the defeasance. (See *Weaver v. Midwest Towing, Inc.* (1987), 116 Ill. 2d 279 (rejecting defendant's statement that another forum was more convenient as a mere conclusion unsupported by any facts showing who or where the prospective witnesses were located).) As the defendants in this case point out, the courts in Illinois may not be able to command the personal appearance of many of these witnesses. Although the depositions of these witnesses could be taken, deposition testi-

mony has been deemed an insufficient substitute for live testimony. (*Jones v. Searle Laboratories* (1982), 93 Ill. 2d 366, 374, 444 N.E.2d 157.) Further, we are cognizant of the expense of obtaining the presence of these witnesses. In contrast to the numerous Kansas residents who may potentially testify, there is no indication that the testimony of any more than a few Illinois residents will be heard.

An additional factor to be considered, and one we believe to be most important under the facts of this case, is the local interest of having localized controversies decided at home. (*Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 91 L. Ed. 1055, 67 S. Ct. 839.) The Kansas Turnpike Authority is a corporate and public instrumentality of the State of Kansas. At issue is the propriety of the Authority's actions with respect to the funding, operation and revenue of the Kansas Turnpike. Additionally, the 1954 agreement provides that any controversy arising under the agreement will be determined by Kansas law. The fact is of consequence, as the parties noted in argument that the substantive legal questions involved in this case have not yet been addressed by the Kansas courts and that, therefore, Kansas has a significant interest in determining its own law.

With respect to the public interest factor, the Illinois Supreme Court has taken notice of the congested condition of the dockets in the circuit court of Cook County as noted in the Annual Reports of the Administrative Director to the Supreme Court of Illinois. (*Meyers v. Bridgeport Machines Division of Textron, Inc.* (1986), 113 Ill. 2d 112, 122, 497 N.E.2d 745.) In comparison, the Supreme Court Rules of Kansas provide that civil cases must be disposed of within a median time of 180 days. (Kan. Civ. Proc. Code 2d Ann., Kansas Supreme Court Rules Relating to District Courts, Appendix B, at 148-49 (West ed. Supp. 1986).) Although this factor alone is not compelling, it does weigh in favor of the defendants.

As we noted at the outset, the plaintiff's choice of forum will be disturbed only if the balance of factors strongly favors the defendant. After weighing the interests of the defendants discussed above, specifically, the difficulty in access to sources of proof, the cost of obtaining witnesses, the local interest of Kansas in having this dispute decided at home and the public interest factor as to the relative congestion of the courts, we believe that the balance of factors does in this case strongly favor the defendants. Moreover, after considering the public and private interests involved, it is evident that as related to the whole of the transaction between the parties, Illinois' connection is minimal as compared to the interests of Kansas. Therefore, this action more properly belongs in Kansas.

Accordingly, the judgment of the circuit court is affirmed and the cause is remanded to the circuit court with directions to dismiss this action. In addition, in light of this decision, it is not necessary for this court to reach the question of whether Illinois could properly exercise *in personam* jurisdiction over the Kansas Turnpike Authority.

Affirmed and remanded.

McMORROW, P.J., and JOHNSON, J., concur.