JEREMY BENJAMIN WIER, by his Mother and Next Friend, Juliana Wier, *et al.*, Plaintiffs-Appellees, v. FRANCIS KETTERER, M.D., *et al.*, Defendants-Appellants.

Fifth District   No. 5—84—0607

Opinion filed May 22, 1985.

Gundlach, Lee, Eggmann, Boyle & Roessler, of Belleville (Richard M. Roessler and William P. Gavin, of counsel), for appellants.

Gerald L. Montroy and Charlene E. Novick, both of Carr, Korein, Kunin, Schlichter & Brennan, of East St. Louis, for appellees.

JUSTICE HARRISON delivered the opinion of the court:

Francis Ketterer, defendant, appeals from an order of the circuit court of St. Clair County denying his motion for transfer of venue of a cause of action filed by plaintiffs, the next friend and parents of Jeremy Benjamin Wier. Defendant sought leave to appeal pursuant to Supreme Court Rule 306(a)(1)(iv) (87 Ill. 2d R. 306(a)(1)(iv)), and we granted his petition.

Section 2—101 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—101) provides that every action must be commenced either in the county of residence of any defendant joined in good faith, or in the county in which the transaction or some part of the transaction giving rise to the cause of action occurred. The word "transaction," as used in this statute, has a broad meaning; it means "every variety of affairs which forms the subject of negotiations or actions between the parties." (*La Ham v. Sterling Canning Co.* (1943), 321 Ill. App. 32, 44, 52 N.E.2d 467.) In this case, plaintiffs' amended complaint alleges, among other things, that defendant Ketterer, a medical doctor, negligently failed to provide for the proper medical supervision of Jeremy Wier during the latter's transport in an ambulance which passed through St. Clair County on its way from Clinton County, Illinois, to St. Louis, Missouri. The complaint further alleged that, as a result of defendant's negligence, Jeremy Wier suffered hypoglycemia and hypoxia during his transport through St. Clair County, and that these difficulties caused or helped to cause Jeremy to suffer severe brain damage and mental retardation. Additionally, the record contains an affidavit of a pediatrician who examined Jeremy at the request of plaintiffs' attorney; in this affidavit, the pediatrician avers that, in his professional opinion, Jeremy suffered respiratory distress and hypoglycemia during his transit through St. Clair County, and that the failure of defendant Ketterer and additional defendants to provide proper oxygenation and glucose therapy during transit contributed to the brain damage suffered by Jeremy. The record sufficiently establishes that some part of the transaction occurred in St. Clair County, and we are unable to say that the trial court erred in refusing to transfer this cause to Clinton County, where defendant lives and maintains his medical practice.

For the reasons given, the order appealed from is affirmed.

Affirmed.

KASSERMAN and KARNS, JJ., concur.