CHARLES W. WEAVER, Plaintiff-Appellee, v. MIDWEST TOWING, INC., Defendant-Appellant.

Fifth District   No. 5—85—0284

Opinion filed January 9, 1986.

1076

JONES, J., dissenting.

Hoagland, Maucker, Bernard & Almeter, of Alton (James K. Almeter, of counsel), for appellant.

Glenn E. Bradford, of Morris B. Chapman & Associates, Ltd., of Granite City, for appellee.

JUSTICE WELCH delivered the opinion of the court:

This personal injury action was commenced in the circuit court of Madison County, Illinois, by complaint filed August 17, 1984. Defendant Midwest Towing, Inc., moved that the cause be transferred or dismissed for want of proper venue or on grounds of *forum non conveniens*. The circuit court denied the motion. Defendant petitioned this court for leave to appeal from that ruling. This court granted the petition. We affirm the denial of defendant's motion.

Plaintiff's complaint alleged in pertinent part that defendant operates various motor vessels and barges on inland waterways "including Illinois and Madison County," and that on or about November 26, 1981, while employed by defendant as a deckhand, plaintiff was exposed to leaking benzene gas, resulting in plaintiff's injury. Defendant filed its motion to dismiss or transfer for want of venue or on grounds of *forum non conveniens*, alleging that the event in question did not occur in Madison County, that neither party was a

resident of Madison County, that no residents of Madison County were expected to testify in the case, and that defendant does not transact business within Madison County. Accompanying defendant's motion was the affidavit of Eugene Fowler, described as "Personnel Mgr., Vessels, of Cargo Carriers, Inc., the parent company of" defendant. Plaintiff filed a written response to defendant's motion, supported by plaintiff's affidavit.

■ Defendant's brief on appeal attacks the venue portion of the ruling upon a variety of grounds. Plaintiff has responded only to defendant's argument that defendant is not "doing business" in Madison County within the meaning of section 2—102(a) of the Civil Practice Law (Ill. Rev. Stat. 1983, ch. 110, par. 2—102(a)). To be "doing business" within a given venue, a defendant must be conducting its usual and customary business within the county; the defendant's activity must be of such a nature as to localize the business and make it an operation within the county. *Stambaugh v. International Harvester Co.* (1984), 102 Ill. 2d 250, 258, 464 N.E.2d 1011, 1014.

■ Since defendant was the movant in the circuit court, defendant had the burden of demonstrating its entitlement to the ruling requested. (See 77 Am. Jur. 2d *Venue* sec. 79 (1975).) Defendant relies on the statement in the Fowler affidavit that "Cargo Carriers does not transact business in Madison County, Illinois, other than occasionally purchasing fuel and other supplies from suppliers located in that County, and some occasional fleet work and barge moving for Con Agra, which has an office in Madison County, Illinois." Although this statement is not contradicted in the record, we find it insufficient to establish that defendant is not "doing business" in Madison County for venue purposes. Whether defendant's business in Madison County was "occasional" was not for the affiant to decide; it was for the circuit court to decide based on facts stated by the affiant. A useful test of an averment in an affidavit is whether the affiant may be charged with perjury if the averment is false. If not, the averment is a conclusion of the affiant, not a proper statement of fact. (See *People ex rel. Raster v. Healy* (1907), 230 Ill. 280, 297, 82 N.E. 599, 605; 3 Am. Jur. 2d *Affidavits* sec. 20 (1962).) Opinions may differ as to how much business is "occasional." Consequently, we must conclude that the Fowler affidavit provides no facts regarding the extent of defendant's business in Madison County beyond admitting that some business is done there. This contrasts with cases in which defendants provided the court with sufficient hard facts to justify ruling in defendant's favor on the venue issue. (See, *e.g.*,

*Stambaugh v. International Harvester Co.* (1984), 102 Ill. 2d 250, 464 N.E.2d 1011; *Baltimore & Ohio R.R. Co. v. Mosele* (1977), 67 Ill. 2d 321, 368 N.E.2d 88.) Defendant has not shown facts to justify reversing the circuit court's conclusion that venue was proper in Madison County in the case at bar.

■ In contrast to the conclusional statements in the Fowler affidavit, plaintiff's affidavit states sufficient facts to show that part of the "transaction" (Ill. Rev. Stat. 1983, ch. 110, par. 2—101) in which plaintiff was injured occurred in Madison County. According to plaintiff's affidavit, "the incident complained of results [*sic*] in continuous exposure from the upper Mississippi to and including passage through the Alton Lock and Dam." This was a sufficient statement of fact. Plaintiff could be charged with perjury on the basis of his affidavit if it were established at trial that the alleged benzene gas leak was discovered and repaired before the vessel reached the Alton Lock and Dam. Accordingly, though plaintiff does not so argue on appeal, the circuit court could have found that venue was proper in Madison County on the ground that a part of the "transaction" occurred there. Ill. Rev. Stat. 1983, ch. 110, par. 2—101; see *Wier v. Ketterer* (1985), 133 Ill. App. 3d 751, 752, 479 N.E.2d 416, 417.

■ Defendant also contends that the circuit court erred in refusing to transfer the cause on grounds of *forum non conveniens.* We disagree.

The doctrine of *forum non conveniens* requires us to look beyond the criteria in venue cases to determine the relative convenience of each of the competing forums. (*Foster v. Chicago & North Western Transportation Co.* (1984), 102 Ill. 2d 378, 384-85, 466 N.E.2d 198, 201.) In other words, it is not sufficient that a defendant state reasons why a plaintiff's choice of forum is inconvenient if the defendant cannot point to a forum that is less inconvenient in light of the appropriate criteria. Criteria to be considered in comparing the forums which have jurisdiction include relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling witnesses; costs of obtaining attendance of willing witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical considerations which make trial of a case easy, expeditious and inexpensive. Also to be considered are docket congestion, the burden of jury duty on citizens of the forum, and the plaintiff's right to choose a forum (*Foster v. Chicago & North Western Transportation Co.* (1984), 102 Ill. 2d 378, 466 N.E.2d 198).

Defendant's motion suggested as alternative forums Ste. Gene-

vieve County, Missouri, and Hennepin County, Minnesota, "as well as counties on each side of the Mississippi River in Minnesota and Wisconsin where the alleged occurrence happened."

The sole connections between this action and Madison County are (1) defendant admits doing some business in Madison County (see *Moore v. Chicago & North Western Transportation Co.* (1983), 99 Ill. 2d 73, 79, 457 N.E.2d 417, 420); (2) plaintiff's attorney's law office is in Madison County; and (3) according to plaintiff's affidavit, part of the occurrence took place in Madison County.

■ According to plaintiff's affidavit, all of his medical treatment took place in St. Louis, Missouri, which is much closer to Madison County than any forum in Minnesota and Wisconsin and somewhat closer to Madison County than Ste. Genevieve County, Missouri. As to potential occurrence witnesses, the record does not suggest where any of them (other than plaintiff) might be found, and since the alleged event occurred on board a moving vessel, we cannot presume that the consideration of travel by occurrence witnesses favors any one forum over another. While we might take judicial notice that docket congestion is a problem in Madison County, we find no indication of record as to the condition of dockets in the other forums suggested in defendant's motion.

■ At oral argument of this appeal, defendant's counsel suggested that the least inconvenient forum for trial of this case is St. Charles County, Missouri. Defendant's counsel informed this court at oral argument that defendant has an office in that county and is "doing business" there. The record does not show that defendant argued in the circuit court that St. Charles County was a less inconvenient forum than Madison County. An issue not presented to or considered by the circuit court cannot be raised for the first time on review. (*Kravis v. Smith Marine, Inc.* (1975), 60 Ill. 2d 141, 147, 324 N.E.2d 417, 420.) Defendant also did not raise this issue in the briefs, and therefore defendant should not have raised it at oral argument. (87 Ill. 2d R. 341(e)(7).) In any event, the record does not confirm that defendant has a St. Charles County office and is "doing business" there. A court of review can consider only matters that were in the record in the circuit court. *Gromer v. Molby* (1944), 385 Ill. 283, 285, 52 N.E.2d 772, 774.

In summary, we find the record insufficient to support defendant's contention that any of the suggested forums is preferrable to Madison County on grounds of *forum non conveniens*. For the foregoing reasons, the order of the circuit court of Madison County denying defendant's motion to transfer or dismiss this cause for want

of venue or on grounds of *forum non conveniens* is affirmed. This cause is remanded for further proceedings.

Affirmed and remanded.

HARRISON, J., concurs.

JUSTICE JONES, dissenting:

I respectfully dissent.

The alleged injury to plaintiff admittedly occurred upon the upper reaches of the Mississippi River between the States of Minnesota and Wisconsin. Plaintiff is a resident of Missouri. The affidavit of defendant's representative negates any suggestion that the defendant conducts its usual and ordinary business in Madison County. Its contacts there are only occasional and incidental. Plaintiff does not suggest otherwise. The pleadings and affidavits bring this case within the control of *Stambaugh v. International Harvester Co.* (1984), 102 Ill. 2d 250, 464 N.E.2d 1011, but the majority declines to follow it.

The affidavit of the plaintiff is a bald conclusion, fully as bad, if not worse, than that of defendant's representative. It alleges that plaintiff was exposed to benzene gas while working on the upper Mississippi River and that the exposure was continuous until he reached Madison County. In order to believe this, we are required to assume that defendant knew of the leaking gas from the time of his first exposure to it and thereafter deliberately, or at least knowingly, continued to ingest it all the way from the upper Mississippi River to Madison County, despite the noxious properties of benzene gas. Plaintiff's assertion in his affidavit is incredulous and unworthy of belief. It serves to emphasize the conclusive nature of his assertions and to call for a more specific statement.

I would hold venue in Madison County improper.

In addition to the determination of the majority regarding venue, I also disagree with its disposition of the *forum non conveniens* issue, for that result is plainly out of step with the pronouncements of our supreme court in *Satkowiak v. The Chesapeake & Ohio Ry. Co.* (1985), 106 Ill. 2d 224, 478 N.E.2d 370, *Foster v. Chicago & North Western Transportation Co.* (1984), 102 Ill. 2d 378, 466 N.E.2d 198, *Moore v. Chicago & North Western Transportation Co.* (1983), 99 Ill. 2d 73, 457 N.E.2d 417, *Wieser v. Missouri Pacific R.R. Co.* (1983), 86 Ill. 2d 111, 427 N.E.2d 111, *Espinosa v. Norfolk & Western Ry. Co.* (1981), 86 Ill. 2d 111, 427 N.E.2d 111. The sole factor that seem-

ingly guides the majority to its conclusion on the *forum non conveniens* issue is the fact that the chosen forum of Madison County is close to plaintiff's residence in St. Charles, Missouri. No consideration is given to the fact that plaintiff's doctors are not subject to subpoena by the Madison County Circuit Court. Moreover, the residence or availability of other witnesses in the case is simply not discussed. It may be safely assumed that if they were residents of Illinois and subject to the subpoena power of Illinois courts, such fact would have been set forth in plaintiff's affidavit.

Another matter of prime consideration that the majority alludes to, but does not discuss in any length, is congestion in the Madison County Circuit Court and the burden placed upon Illinois taxpayers and courts in processing cases where both the situs of the injury and the parties to the litigation are nonresidents of Illinois.

The majority takes judicial notice that docket congestion in the circuit court of Madison County is a problem. That the condition prevails cannot be denied, for recent interim statistics issued by the Administrative Office of Illinois Courts show Madison County to have the longest elapsed time for disposition of law jury cases of any county in the State. Under that circumstance, it is unnecessary to consider congestion in courts in any other forum.

In the *Satkowiak* case the supreme court commented that "a jury trial is an expense to the public and *** Illinois taxpayers should not be obligated to pay for litigation which is unrelated to Illinois any more than Illinois citizens should be burdened by sitting on juries in these cases." (*Satkowiak v. The Chesapeake & Ohio Ry. Co.* (1985), 106 Ill. 2d 224, 232, 478 N.E.2d 370, 373.) Similar concerns have been expressed by the supreme court in *Moore, Wieser* and *Espinosa.*

I would reverse the order of the trial court that denied the defendant's *forum non conveniens* motion.