(No. 69456.—

KELLY BUCKLEW *et al.*, Appellees, v. G.D. SEARLE & COMPANY *et al.*, Appellants.

*Opinion filed October 4, 1990.*

Kenneth R. Heineman, Bruce D. Ryder and Kurtis B. Reeg, of Coburn, Croft & Putzell, of Belleville, and Timothy A. Pratt, Gregory L. Fowler and Kevin J. Driscoll, of Shook, Hardy & Bacon, of Kansas City, Missouri, for appellants.

Crowder & Scoggins, Ltd., of Columbia (Mark R. Osland, of counsel), for appellees.

JUSTICE MILLER delivered the opinion of the court:

Plaintiffs, Kelly and James Bucklew, brought the present action in the circuit court of St. Clair County

against the defendants, G.D. Searle & Company and Searle Pharmaceuticals, Inc. The circuit judge denied the defendants' motion to transfer the action for lack of venue or, in the alternative, on grounds of *forum non conveniens*. The appellate court denied the defendants' request for an immediate appeal from the circuit court's adverse ruling. (107 Ill. 2d Rules 306(a)(1)(ii), (a)(1)(iv).) We allowed the defendants' petition for leave to appeal (107 Ill. 2d R. 315(a)).

The plaintiffs, who are husband and wife, commenced the present action in the circuit court of St. Clair County on April 15, 1986. In a seven-count complaint, the plaintiffs requested awards of both compensatory and punitive damages for injuries allegedly resulting from Mrs. Bucklew's use of an intrauterine device (IUD) that had been designed, manufactured, and sold by defendant G.D. Searle. Recovery was sought under theories of strict liability, negligence, and breach of warranty. According to the complaint, the IUD was prescribed to Mrs. Bucklew in 1979 by a physician in Fort Wayne, Indiana, where the couple then resided. The plaintiffs allege that Mrs. Bucklew developed a number of complications as a result of her use of the Searle IUD and that she discovered her injuries in June 1984. The plaintiffs were living in Carterville, Illinois, when the present action was instituted; Carterville is located in Williamson County.

On May 27, 1986, the defendants filed a motion for transfer of the plaintiffs' action. In support of the motion, the defendants raised two separate grounds for relief. The defendants first contended that venue was lacking in St. Clair County because no part of the underlying transaction occurred in that county and because neither of the two defendants maintained an office or did business there. Assuming that venue was proper in St. Clair County, the defendants requested, as an alternative basis

for relief, that the action be transferred to a more convenient locale under the doctrine of *forum non conveniens*. On October 21, 1987, the circuit court denied the defendants' motion for transfer and instructed the defendants to answer the plaintiffs' complaint within 28 days. Within that time period, on November 18, 1987, the defendants filed a motion for reconsideration, supplying additional information in support of their alternative requests for relief; the defendants filed a short supplement to their motion the following day, November 19.

While the defendants' motion for reconsideration was pending in the circuit court, the defendants filed in the appellate court a petition requesting leave to appeal from the circuit judge's order denying the original transfer motion. (107 Ill. 2d Rules 306(a)(1)(ii), (a)(1)(iv).) The appellate court denied the defendants' petition on January 12, 1988, and the defendants did not on that occasion seek further review before this court. On April 11, 1988, the defendants filed in the circuit court what was denominated a renewed motion for transfer. The renewed motion was in most respects identical with the motion for reconsideration filed by the defendants the preceding November. The motion for reconsideration had not been disposed of when the defendants filed their April 1988 motion renewing their request for transfer.

The case was later assigned to a different judge. On March 30, 1989, the second judge heard arguments on the defendants' motion for reconsideration and renewed motion for transfer. The second judge denied both motions in an order entered May 18, 1989. The appellate court denied the defendants' petition for leave to appeal from that ruling (107 Ill. 2d Rules 306(a)(1)(ii), (a)(1)(iv)). We subsequently granted defendants' petition for leave to appeal (107 Ill. 2d R. 315(a)). The defendants contend here, as they did in the circuit court, that the plaintiffs' suit must be transferred because St. Clair County is not

a proper venue or, in the alternative, because St. Clair County is an inconvenient forum.

The plaintiffs argue, as a preliminary matter, that the defendants' successive motions for transfer were untimely. In general, a motion challenging a plaintiff's choice of venue must be filed on or before the time the party is required to answer the complaint. (Ill. Rev. Stat. 1987, ch. 110, par. 2—104(b).) A motion to transfer an action on grounds of *forum non conveniens* "must be filed by a party not later than 90 days after the last day allowed for the filing of that party's answer." (107 Ill. 2d R. 187(a); see *Kemner v. Monsanto Co.* (1986), 112 Ill. 2d 223, 235-42.) The plaintiffs acknowledge that the defendants' initial motion for transfer satisfied both time limits. The plaintiffs contend, however, that the defendants' subsequent motions were not timely. The plaintiffs maintain that the filing of successive motions by disappointed litigants should be discouraged, if not prohibited.

We conclude that the motions for change of venue submitted by the defendants following the first judge's ruling denying the request for transfer were in the nature of a motion for reconsideration and were timely. Accordingly, we need not decide in the present case whether successive motions for transfer are within the letter, if not the spirit, of the statutory time limit. The defendants submitted their motion for reconsideration within the 28-day period allowed by the circuit court for answering the plaintiffs' complaint after the initial motion was denied. The defendants later filed a renewed motion for transfer, which in substance incorporated their pending motion for reconsideration. Although the defendants had in the meantime also filed a petition seeking leave to appeal from the circuit court's initial ruling, the appellate court did not allow the petition. We conclude that the defendants' renewed motion for transfer related back to their earlier motion for reconsidera-

tion, and that the circuit court did not lack authority on that ground to consider the motions on their merits.

The venue statutes that govern the present action are the general provisions found in the Code of Civil Procedure. (See Ill. Rev. Stat. 1987, ch. 110, pars. 2—101 through 2—108.) In the case at bar, venue is proper in any county where one of the defendants resides or where some part of the underlying transaction occurred. Section 2—101 of the Code of Civil Procedure states:

"Except as otherwise provided in this Act, every action must be commenced (1) in the county of residence of any defendant who is joined in good faith and with probable cause for the purpose of obtaining a judgment against him or her and not solely for the purpose of fixing venue in that county, or (2) in the county in which the transaction or some part thereof occurred out of which the cause of action arose.

If all defendants are nonresidents of the State, an action may be commenced in any county." (Ill. Rev. Stat. 1987, ch. 110, par. 2—101.)

With respect to the place of residence of foreign corporations such as the defendants, section 2—102 of the Code of Civil Procedure provides, in pertinent part:

"For purposes of venue, the following definitions apply:

(a) Any private corporation or railroad or bridge company, organized under the laws of this State, and any foreign corporation authorized to transact business in this State is a resident of any county in which it has its registered office or other office or is doing business. A foreign corporation not authorized to transact business in this State is a nonresident of this State." Ill. Rev. Stat. 1987, ch. 110, par. 2—102.

Proper venue is an important statutory privilege. The limitations stated in the provisions applicable here developed over time to restrict proper venue to places that are convenient either to the defendant or to the poten-

tial witnesses. (See Ill. Ann. Stat., ch. 110, par. 2—101, Historical & Practice Notes, at 56-57 (Smith-Hurd 1983).) The statutes thus reflect the legislature's view that a party should not be put to the burden of defending an action in a county where the party does not maintain an office or do business and where no part of the transaction complained of occurred. See *Stambaugh v. International Harvester Co.* (1984), 102 Ill. 2d 250, 260-62; *Baltimore & Ohio R.R. Co. v. Mosele* (1977), 67 Ill. 2d 321, 328.

The defendants in the present action are Delaware corporations and are authorized to transact business in Illinois; their principal place of business is in Skokie, which is located in Cook County. Under the venue provisions applicable here, venue is proper in St. Clair County only if some part of the underlying transaction occurred there, one of the defendants has a registered or other office there, or one of the defendants is doing business there. The defendants contend that the record establishes that none of those conditions obtain and that venue is therefore lacking in St. Clair County. As alternative grounds for relief, the defendants assert that St. Clair County is an inconvenient forum and that the present action should be transferred to a different county within Illinois. For the reasons that follow, we conclude that venue over the present action will not lie in St. Clair County.

Under the applicable statutes, venue is proper in St. Clair County if some part of the transaction on which the present action is based occurred in that county, or if one of the defendants is a resident of the county. The Searle IUD was prescribed to Mrs. Bucklew in Fort Wayne, Indiana, in 1979. The plaintiffs never resided in St. Clair County, nor did Mrs. Bucklew ever receive medical treatment there. It is undisputed that no part of the underlying transaction occurred in St. Clair County.

As foreign corporations authorized to do business in Illinois, the defendants are, for purposes of venue, residents of any Illinois county in which they maintained a registered or other office or in which they were doing business. It is undisputed that at no time relevant to the present action did either defendant maintain a registered or other office in St. Clair County.

Thus, in the present case, venue is proper in St. Clair County only if one of the defendants was doing business in that county. "Doing business," as the term is used in the venue provisions, must be distinguished from the contacts with a forum that will warrant an exercise of personal jurisdiction. (*Baltimore & Ohio R.R. Co. v. Mosele* (1977), 67 Ill. 2d 321, 328-29.) In *Mosele*, this court explained that "doing business" in a county for purposes of venue requires a greater quantum of activity than is necessary under due process to sustain jurisdiction over a foreign party. (*Mosele*, 67 Ill. 2d at 327-30.) There, the court rejected the argument that "doing business" under the venue statute should be judged by the same standards that are applicable to an exercise of jurisdiction. The court compared the language in the venue provision with that used in the long-arm statute, where the legislature intended to expand personal jurisdiction to the extent permitted by the Constitution. (Compare Ill. Rev. Stat. 1975, ch. 110, par. 6(1) (corporation is resident of, and hence venue is proper in, any county in which corporation "is doing business") (current version at Ill. Rev. Stat. 1987, ch. 110, par. 2—102(a)) with Ill. Rev. Stat. 1975, ch. 110, par. 17(1)(a) (person submits to jurisdiction of Illinois courts through "[t]he transaction of any business within this State") (current version at Ill. Rev. Stat. 1987, ch. 110, par. 2—209(a)(1)).) From its analysis of the two provisions, the court concluded in *Mosele* that the venue statute requires "more extensive contacts" with the forum than does the long-arm statute. For pur-

poses of venue, the defendant must "be conducting its usual and customary business within the county in which venue is sought." *Mosele*, 67 Ill. 2d at 329.

In the present case, the defendants presented in the circuit court several affidavits of corporate officers and employees in support of their argument that, for purposes of venue, they were not doing business in St. Clair County. These affidavits supplied information concerning the nature and extent of the defendants' business activities in the county. The plaintiffs did not submit any material contradicting the defendants' affidavits, nor do they now dispute the accuracy of any of the information presented. For the reasons set out below, we conclude that neither defendant was doing business in St. Clair County during the time in question.

The record shows that neither defendant has ever maintained an office or any other facility in St. Clair County. Defendant Searle Pharmaceuticals, Inc., was a wholly owned subsidiary of defendant G.D. Searle & Company until January 30, 1987, when it was merged into the parent corporation. During the period from 1979 to 1986, Searle Pharmaceutical employed two sales representatives to call on health care providers in St. Clair County. The representatives constituted less than 0.4% of Searle's national sales force. The representatives would take orders for Searle products and relay those orders to the company, and they had no authority to bind the defendants contractually.

In the circuit court, the defendants also presented estimates of the volume of their sales in St. Clair County for the years 1986 and 1987. This court has previously noted that the quantity or volume of business done by a company in a county is a relevant consideration in determining, for purposes of venue, whether the company may be deemed to be doing business in the county. (*Weaver v. Midwest Towing, Inc.* (1987), 116 Ill. 2d 279,

286.) According to the figures provided in the present case, in 1986 the defendants sold $289,760 worth of products to customers in St. Clair County; that sum represented 2.5% of Searle's sales of $11,502,379 in Illinois, and 0.12% of Searle's national sales of $244,760,000 for that year. In 1987 the defendants had $391,542 in sales to customers in St. Clair County; that sum represented 2.83% of the company's statewide sales of $13,797,554, and 0.13% of Searle's national sales of $296,750,000 for the year. It was also estimated that the defendants' sales figures for the period from 1979 through 1985 would be consistent with those for 1986 and 1987.

On several prior occasions, this court has considered the issue whether a corporation may be deemed to be doing business in a county for purposes of the general venue provisions applicable here. As those decisions illustrate, "doing business" is not automatically established through evidence that the company solicits business from customers within the county or sells goods and services to customers located there. In *Baltimore & Ohio R.R. Co. v. Mosele* (1977), 67 Ill. 2d 321, several different circumstances were urged in an attempt to establish a railroad's residence under the "doing business" standard, including the activities of the railroad's sales agent in the county. In that case the record showed that the railroad's agents would solicit business from shippers in the particular county. The court concluded, however, that "[f]or venue purposes, mere solicitation of business within a county does not establish venue in that county." (*Mosele*, 67 Ill. 2d at 333.) It appeared that over a five-year period, the railroad's revenues from those shippers exceeded $10 million (*Mosele*, 67 Ill. 2d at 346 (Dooley, J., dissenting)), though it is not clear from the opinion what the railroad's total revenues were during that period.

In *Stambaugh v. International Harvester Co.* (1984), 102 Ill. 2d 250, and *Gardner v. International Harvester Co.* (1986), 113 Ill. 2d 535, this court considered the propriety of venue in St. Clair County in two separate personal injury actions brought in that county against International Harvester Company. In each case the court considered the nature and extent of the defendant company's business dealings in the county. In *Stambaugh*, the record showed that Harvester sold its products through a number of independent dealers in the county; sales in the county for one year amounted to several million dollars, or about 0.05% of the company's overall revenue for the period. Harvester did not have any manufacturing plants or other facilities in St. Clair County, however, and the court concluded that, for purposes of venue, Harvester was not doing business there.

In *Gardner*, several additional circumstances were urged in support of the contention that venue would lie in St. Clair County because Harvester was doing business there. The record in that case showed, among other things, that Harvester purchased supplies from companies in the county, engaged in a variety of programs with the local dealers, and mailed rebate checks directly to customers who were located in the county or who had purchased Harvester products from those dealers. The court ruled that the additional circumstances shown in *Gardner* were merely incidental to the activities that the *Stambaugh* court had already rejected as an insufficient basis for fixing venue.

Consistent with our decisions in *Mosele, Stambaugh*, and *Gardner*, we do not consider that the business activity shown in the present case is sufficient to establish the defendants' residence in St. Clair County for purposes of venue. As we have seen, the defendants do not maintain any manufacturing plants or other facilities in St. Clair County. Their only connection to that county

arises from the shipment of Searle products to customers located there, and from the activities of sales representatives, or detail men, who solicit orders from sales prospects in the county. The solicitation of business by the defendants' sales agents in St. Clair County does not support a finding that the defendants were doing business there. (See *Mosele*, 67 Ill. 2d at 333.) Moreover, the defendants' sales to St. Clair County customers, whether considered in relative or absolute terms, are not so extensive as to warrant a finding that the companies were doing business there. (See *Stambaugh*, 102 Ill. 2d at 259, 265 (Clark, J., dissenting) (for large business enterprise, sales to local customers as proportion of total sales may be misleading measure of business activity in the county).) Searle's sales in St. Clair County were less than the dollar amounts shown in *Stambaugh* and *Gardner*, and represented a small proportion of the company's total revenues for the relevant periods.

We conclude that the statutory requirements for establishing venue over the present action in St. Clair County have not been met: no part of the underlying transaction occurred in St. Clair County, neither defendant maintained a registered or other office in that county, and neither defendant did business there within the meaning of the venue statute. Venue over the plaintiffs' action will not lie in St. Clair County, and the circuit court erred in denying the defendants' motion for transfer. In light of that disposition, we need not consider the defendants' alternative request that the present action be transferred to a different county on grounds of *forum non conveniens*.

For the reasons stated, the judgment of the circuit court of St. Clair County is reversed, and the cause is remanded to that court for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*