JOEL TIPTON, by his Mother and Next Friend, Maureen Stevens, Plaintiff-Appellant, v. ESTATE OF WILLIAM S. CUSICK *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 1—93—1076

Opinion filed May 31, 1995.

Robert A. Holstein and C. Corey S. Berman, both of Holstein, Mack & Klein, of Chicago, for appellant.

Clausen, Miller, Gorman, Caffrey & Witous, of Chicago (James T. Ferrini, John M. Hynes, Sonia V. Odarczenko, Heather L. Huthwaite, and Melinda S. Kollross, of counsel), for appellee Estate of William S. Cusick.

O'Connor, Schiff & Myers, of Chicago (Loretta M. Griffin and Kerry L. Garvis, of counsel), for other appellees.

JUSTICE RIZZI delivered the opinion of the court:

This is an appeal from an interlocutory order transferring this action to Du Page County, Illinois. Plaintiff, Joel Tipton, a resident of Cook County, was prescribed the drug Desoxyn for approximately a decade by defendant William Cusick, M.D.[1] During this time, defendant Cusick would telephone in the prescriptions to defendant Robert Borger, a registered pharmacist employed by defendant Winfield Pharmacy. Defendant Borger provided the drug to plaintiff for approximately 10 years. Pharmaceutical bills were charged at various

---

[1]William Cusick passed away in 1991. His estate is pending in the probate division of the circuit court of Cook County.

times when the outstanding bill would be in excess of $5,000. After years of ingesting the drug in Cook County, plaintiff suffered a stroke at the Northwestern Memorial Hospital in Chicago, Illinois. He was in a coma for two months and underwent brain and lung surgery. The stroke rendered plaintiff partially paralyzed and brain damaged.

Plaintiff, by his mother and next friend, Maureen Stevens, filed suit in the circuit court of Cook County. Defendants, however, filed a motion to transfer venue based on the facts that they are all residents of Du Page County and that the prescription and dispensation of the drug occurred in Du Page County. The trial court granted the motion to transfer venue and ordered this cause to be transferred to Du Page County. We reverse and remand.

■ If plaintiff complies with the venue statute, plaintiff's choice of forum is entitled to great deference. (*Peile v. Skelgas, Inc.* (1994), 163 Ill. 2d 323, 337, 645 N.E.2d 184, 191.) Section 2—101 of the Illinois Code of Civil Procedure provides:

> "Except as otherwise provided in this Act, every action must be commenced (1) in the county of residence of any defendant who is joined in good faith and with probable cause for the purpose of obtaining a judgment against him or her and not solely for the purpose of fixing venue in that county, or (2) in the county in which the transaction or some part thereof occurred out of which the cause of action arose." (735 ILCS 5/2—101 (West 1992).)

"Transaction" is something which took place whereby a cause of action arose and by which legal relationships were altered. (*Christopher v. West* (1952), 345 Ill. App. 515, 528, 104 N.E.2d 309, 315.) The phrase "some part thereof" makes this a broad and flexible provision. In the present case plaintiff did not have a cause of action until he suffered a stroke in Cook County. The stroke was allegedly triggered by the ingestion of Desoxyn, which can elevate blood pressure. The ingestion occurred in Cook County.[2] Cook County is clearly a "county in which the transaction or some part thereof occurred out of which the cause of action arose."

■ Furthermore, the purpose of venue statutes is to ensure that a case is brought in a convenient forum, a forum convenient to defendants, potential witnesses or both. A vast number of witnesses, including friends, relatives, and medical treaters at Northwestern Memorial Hospital and the Rehabilitation Institute of Chicago reside or work in Cook County. Cook County and Du Page County are adjacent and there would be no inconvenience to the defendants if the matter proceeded in Cook County.

---

[2]The defendants knew plaintiff resided in Cook County and would most probably ingest the drug in that county.

■ Defendants would like us to read *Bucklew v. G.D. Searle & Co.* (1990), 138 Ill. 2d 282, 562 N.E.2d 186, for the proposition that venue is improper when the drug or device was prescribed and medical treatment was rendered in another county; however, this is an incorrect extension of the holding in that case. In *Bucklew*, the plaintiffs brought an action against an IUD manufacturer in St. Clair County. The IUD was not prescribed in St. Clair County, the plaintiffs did not reside nor did they ever reside in St. Clair County, no medical treatment was rendered in St. Clair County, and the defendants did not maintain an office or do business in St. Clair County. In fact it was undisputed that no part of the underlying transaction occurred in that county. Venue was improper because there was simply no valid reason to file suit in St. Clair County, not because the IUD was prescribed elsewhere or because medical treatment was provided elsewhere. (*Bucklew v. G.D. Searle & Co.* (1990), 138 Ill. 2d 282, 294, 562 N.E.2d 186, 192.) Unlike *Bucklew*, venue is proper in the present case because Cook County is proper under the venue statute. Cook County is where the transaction or some part thereof occurred out of which the cause of action arose.

Although venue would have been proper in Du Page County also, the plaintiff's election to sue in Cook County does not offend the legislative purpose of the Illinois venue statute. The record fails to disclose any prejudice to the defendants if the matter were tried in Cook County. Defendants have not shown any compelling reasons to disturb plaintiff's choice of forum; therefore, since plaintiff has complied with the venue statute, his choice of forum shall not be disturbed.

For the aforementioned reasons, we reverse the order from which this appeal is taken and remand back to the trial court for further proceedings not inconsistent with this opinion.

Reversed and remanded.

GREIMAN, P.J., and TULLY, J., concur.