MORGAN JACKSON, a Minor, by Her Parents Ken Jackson and Jody Jackson, *et al.*, Plaintiffs-Appellees, v. CHURPHENA REID *et al.*, Defendants-Appellants (Methodist Medical Center of Illinois, Respondent in Discovery).

Fourth District   No. 4—05—0378

Argued December 14, 2005.—Opinion filed January 4, 2006.

Murvel Pretorius, Jr. (argued), Laura A. Petersen, and Adam P. Chaddock, all of Quinn, Johnston, Henderson & Pretorius, Chtrd., of Peoria, for appellants.

Lisa Corwin (argued), of Walker & Wylder, Ltd., of Bloomington, for appellees.

JUSTICE STEIGMANN delivered the opinion of the court:

In December 2004, plaintiffs, Morgan Jackson, by her parents Ken Jackson and Jody Jackson, and Ken and Jody individually (collectively the Jacksons), filed a medical-malpractice complaint against defendants, Churphena Reid and Affiliated Urology Specialists, Ltd., in McLean County circuit court. In January 2005, Reid and Affiliated Urology filed a motion to transfer the case from McLean County to

Peoria County based on improper venue or, alternatively, *forum non conveniens*. In April 2005, the trial court denied their motion.

Reid and Affiliated Urology appeal, arguing that the trial court erred by denying their motion to transfer based on (1) improper venue and (2) *forum non conveniens*. Because we agree with their first contention as to improper venue, we reverse and remand.

## I. BACKGROUND

In the Jacksons' December 2004 complaint, they alleged, in pertinent part, as follows. Morgan, who was then five years old, was under Reid's care from November 1999 until August 2003. On June 30, 2003, Reid performed a surgical procedure referred to as a bilateral ureteral implantation. The Jacksons alleged that in performing the bilateral ureteral implantation, Reid was negligent in one or more of the following ways: (1) performing the implantation without specific indications for the surgical procedure and without presenting the Jacksons with nonsurgical alternatives; (2) improperly managing the surgical procedure by performing a bilateral implantation for Morgan's unilateral defect; (3) failing to leave a postoperative urinary drain in place; (4) deviating from the standard of care in both fluid and colloid replacement, resulting in "serious volume overload"; (5) failing to diagnose "massive urinary extravasation"; (6) utilizing improper treatments, such as molasses enemas; and (7) failing to consult with an intensivist, nephrologist, or pulmonologist as to the gravity of Morgan's postoperative course.

In January 2005, Reid and Affiliated Urology filed a motion to transfer the case from McLean County to Peoria County based on improper venue in McLean County or, alternatively, *forum non conveniens*. Attached to their motion were affidavits of Reid and Dr. James Kenny, Affiliated Urology's president, and a memorandum of law.

Reid's affidavit indicated that she was an Illinois licensed physician who had practiced with Affiliated Urology from July 1994 through December 2003. Reid had never resided or practiced medicine in McLean County. Instead, at all pertinent times, she resided and practiced medicine in Peoria County. Reid provided medical services to Morgan only in Peoria County.

Kenny's affidavit indicated that Affiliated Urology never operated an office in McLean County. Nor had Affiliated Urology provided any medical services, treatment, or care to Morgan in McLean County. Instead, any care provided to Morgan took place in Peoria County.

In March 2005, the Jacksons filed a response to Reid and Affiliated Urology's motion to transfer. Attached to their response were the following: (1) various medical records, including (a) a November 1999

letter from Reid to Morgan's primary care physician, indicating that Reid planned to review Morgan's X rays obtained from BroMenn Regional Medical Center in Bloomington; (b) a December 1999 letter to Ken and Jody, indicating that Reid had reviewed a sonogram of Morgan's kidney that was performed at BroMenn; (c) August 2002, October 2002, and May 2003 requests by Reid for certain tests and procedures to be performed on Morgan at BroMenn; and (d) several radiological reports from BroMenn, describing tests and procedures ordered by Reid and performed on Morgan; (2) Jody's affidavit, in which she averred that during the time Reid treated Morgan, Reid ordered tests and procedures to be performed at BroMenn; (3) an October 2004 report by the reviewing healthcare professional, M. David Gibbons, in which he criticized Reid for (a) performing a surgical procedure that was not indicated, (b) failing to provide the Jacksons with nonsurgical alternatives, and (c) negligently performing the surgical procedure; and (4) the 2002 Statistical Summary of Illinois Courts.

Later in March 2005, Reid and Affiliated Urology filed a reply. Attached thereto were Reid's progress notes regarding the June 30, 2003, bilateral ureteral implantation performed on Morgan. Those notes indicated, in pertinent part, that the surgical procedure took place at the Methodist Medical Center of Illinois in Peoria.

At an April 2005 hearing, Reid and Affiliated Urology argued that venue in McLean County was improper because (1) neither Reid nor Affiliated Urology had provided care or treatment to Morgan in McLean County and (2) all care and treatment of Morgan was provided in Peoria County. The Jacksons argued that venue was proper in McLean County because Reid had ordered that certain tests be performed at BroMenn in McLean County. After considering counsel's arguments, the trial court denied Reid and Affiliated Urology's motion to transfer the case from McLean County to Peoria County. In so doing, the court stated, in pertinent part, as follows:

> "It is clear that pre-operatively, apparently, for some months or maybe even several years, as [Morgan] was being watched for this condition, that her primary care physician was in McLean County, and that care was referred by [the primary care physician to Reid], and [Morgan] was followed over a period of time and the number of tests done at BroMenn following this condition, apparently, leading up to the surgery, the surgery and the hospital care, [they were] done in Peoria County, but I am hard[-]pressed in these circumstances to conclude anything other than at least a portion, however small you may say, at least a portion of this transaction did occur in McLean County."

This interlocutory appeal followed.

## II. ANALYSIS

### A. Standard of Review

Initially, we must address the proper standard of review for a trial court's grant or denial of a motion to transfer based on improper venue. Reid and Affiliated contend that we should review *de novo* the trial court's denial of their motion to transfer. The Jacksons, on the other hand, urge us to apply an abuse-of-discretion standard of review.

■ In *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 149-54 (2005), the supreme court recently resolved the question of the proper standard of review in such cases, holding as follows:

> "The determination of proper statutory venue raises separate questions of fact and law because it necessarily requires a trial court to rule on the legal effect of its factual findings. In other words, after first examining the facts of the case, the trial court must then determine whether the venue statute is satisfied. The inquiry thus requires a two-step analysis. First, the trial court's underlying factual findings are reviewed deferentially. A trial court's findings of fact will not be disturbed on review unless those findings are against the manifest weight of the evidence. [Citation.] Second, the trial court's conclusion of law is reviewed *de novo*." *Corral*, 217 Ill. 2d at 153-54.

In this case, because no dispute exists regarding the facts upon which the trial court based its denial of Reid and Affiliated's motion to transfer venue, we review *de novo* the court's decision.

### B. The Trial Court's Denial of the Motion To Transfer Venue

Reid and Affiliated Urology argue that the trial court erred by denying their motion to transfer venue from McLean County to Peoria County on the ground that McLean County is not a proper venue. The Jacksons respond that the court correctly ruled that venue is proper in McLean County because "[p]art of this cause of action arose out of [Reid and Affiliated Urology's] business dealings with entities in McLean County." Specifically, they contend that the tests ordered by Reid and performed at BroMenn constitute an "integral part" of this cause of action. We agree with Reid and Affiliated Urology.

■ " 'Proper venue is an important statutory privilege.' " *Corral*, 217 Ill. 2d at 154, quoting *Bucklew v. G.D. Searle & Co.*, 138 Ill. 2d 282, 288 (1990). "Statutes relating to venue reflect a legislative determination that a party should not be required to defend an action in a county that has *little or no relation* to the party or the transaction that is the subject of the suit." (Emphasis added.) *Johnson v. Compost Products, Inc.*, 314 Ill. App. 3d 231, 236, 731 N.E.2d 948, 952 (2000),

*abrogated on other grounds in Corral*, 217 Ill. 2d at 150-54. "Venue statutes restrict proper venue to places that are convenient either to the defendant or to potential witnesses." *Lake County Riverboat L.P. v. Illinois Gaming Board*, 313 Ill. App. 3d 943, 951, 730 N.E.2d 524, 530 (2000). If the defendant proves that venue is improper, the trial court must transfer the case to a proper venue. *Lake County Riverboat L.P.*, 313 Ill. App. 3d at 951, 730 N.E.2d at 530.

■ Section 2—101 of the Code of Civil Procedure provides, in pertinent part, as follows:

"Except as otherwise provided in this Act, every action must be commenced (1) in the county of residence of any defendant who is joined in good faith and with probable cause for the purpose of obtaining a judgment against him or her and not solely for the purpose of fixing venue in that county, or (2) in the county in which the transaction or some part thereof occurred out of which the cause of action arose." 735 ILCS 5/2—101 (West 2004).

■ The term "transaction" includes every fact that is an integral part of the cause of action. However, it is not so narrowly interpreted as to include only those immediate facts from which the cause of action arose. *Home Depot, U.S.A., Inc. v. Department of Revenue*, 355 Ill. App. 3d 370, 381-82, 823 N.E.2d 625, 634 (2005), *abrogated on other grounds in Corral*, 217 Ill. 2d at 149-54. Under transactional-venue principles, to determine whether a particular venue is proper, a court must analyze two factors: (1) the nature of the cause of action and (2) the place where the cause of action sprang into existence. *Lake County Riverboat L.P.*, 313 Ill. App. 3d at 952, 730 N.E.2d at 531. Examples of the latter factor include the place where the parties carried on significant negotiations or signed an agreement, or where the agreed-upon action was supposed to be or was performed. This is generally the location where the parties engaged in direct adversarial dealing or where an event occurred that changed the parties' legal relationship. *Home Depot, U.S.A., Inc.*, 355 Ill. App. 3d at 382, 823 N.E.2d at 635. Preparatory or preliminary acts, without more, are insufficient to invoke transactional venue. *Lake County Riverboat L.P.*, 313 Ill. App. 3d at 953, 730 N.E.2d at 531-32. "However, third-party dealings that have a definite and direct bearing on the cause of action may be considered a part of the transaction out of which the cause of action arose." *Southern & Central Illinois Laborers' District Council v. Illinois Health Facilities Planning Board*, 331 Ill. App. 3d 1112, 1117, 772 N.E.2d 980, 984 (2002), *abrogated on other grounds in Corral*, 217 Ill. 2d at 149.

■ In this case, nothing in the record shows that the Jacksons and Reid or Affiliated Urology had any direct dealings with each other in

McLean County. It is undisputed that Reid did not reside in or provide medical treatment to Morgan in McLean County. In addition, Affiliated Urology never operated an office or provided any medical services, treatment, or care to Morgan in McLean County. Instead, all medical services, treatment, and care provided by Reid and Affiliated Urology to Morgan took place in Peoria County.

In addition, the Jacksons' cause of action arises out of allegations of negligence involving the June 30, 2003, bilateral ureteral implantation that Reid performed in Peoria County. Each of the Jacksons' breach-of-duty allegations is premised upon one of two theories—namely, that (1) Reid erred by performing the surgical procedure because it was unnecessary and (2) Reid negligently performed the surgical procedure and postoperative care. Thus, the integral parts of the cause of action involve Reid's (1) determination of whether the surgical procedure was necessary and (2) performance of the procedure and postoperative care. Her determination of the necessity of the procedure as well as her performance of that procedure and postoperative care occurred in Peoria County. Thus, the cause of action sprang into existence in Peoria County.

Nonetheless, the Jacksons contend that the tests ordered by Reid and performed by third parties at BroMenn in McLean County constituted an integral part of this cause of action. We emphatically disagree. The Jacksons do not claim that anything was wrong with the testing that took place at BroMenn. It was Reid's *interpretation* of those test results, not the mere occurrence of the testing, that formed the basis for her decision to perform the surgical procedure. It is undisputed that Reid's (1) ordering of the tests, (2) interpretation of the test results, and (3) decision-making as to whether to perform the surgical procedure all took place in Peoria County, not McLean County. We thus reject the Jacksons' contention that the tests performed by third parties in McLean County constituted an integral part of this cause of action. Accordingly, we conclude that the trial court erred by denying Reid and Affiliated Urology's motion to transfer the case from McLean County to Peoria County based on improper venue in McLean County.

In so concluding, we note that the cases upon which the Jacksons rely are inapposite. For example, in *Tipton v. Estate of Cusick*, 273 Ill. App. 3d 226, 227-28, 651 N.E.2d 635, 636 (1995), a plaintiff filed a medical-malpractice complaint in Cook County against a physician who prescribed a certain drug and a pharmacy that dispensed it. The drug was prescribed and dispensed in Du Page County. The plaintiff suffered a stroke in Cook County after years of ingesting the drug. The trial court granted the defendants' motion to transfer venue to

Du Page County. On appeal, the First District reversed, upon concluding that the "plaintiff did not have a cause of action until he suffered a stroke in Cook County." *Tipton*, 273 Ill. App. 3d at 228, 651 N.E.2d at 637. Thus, because the plaintiff's injury was an integral element of the cause of action, venue was proper in Cook County. *Tipton*, 273 Ill. App. 3d at 228, 651 N.E.2d at 637. Unlike in *Tipton*, all elements of the cause of action in this case, including Morgan's injury, occurred in Peoria County.

In *Wier v. Ketterer*, 133 Ill. App. 3d 751, 752, 479 N.E.2d 416, 416-17 (1985), the plaintiffs alleged, in part, that the defendant physician negligently failed to provide for proper medical supervision of the patient as he was being transported by ambulance through St. Clair County, resulting in hypoglycemia and hypoxia during the transport. The trial court denied the defendant's motion to transfer venue, and on appeal, the Fifth District concluded that venue was proper in St. Clair County because some part of the transaction occurred in that county. *Weir*, 133 Ill. App. 3d at 752, 479 N.E.2d at 417. Unlike in *Weir*, the Jacksons' complaint does not include allegations that Reid negligently supervised Morgan while she was in McLean County.

If we were to accept the Jacksons' argument that a physician's mere ordering of tests by a third party in another county makes that county a proper venue for a lawsuit against the physician, we would be ignoring the legislature's determination that a party should not be required to defend an action in a county that has little or no relation to the defendant or the transaction that is the subject of the lawsuit. For example, the legislature could not have intended for a urology surgeon to be sued in a county when the surgeon's *only* connection to that county is that the patient was referred to him by a urologist in that county. Nor could the legislature have intended for a cancer specialist to be sued in a county when the specialist's *only* connection to that county is that he reviewed a patient's records that were brought from there.

Because we have concluded that the trial court erred by denying Reid and Affiliated Urology's motion to transfer based on improper venue, we need not address their *forum non conveniens* argument. See *Lake County Riverboat L.P.*, 313 Ill. App. 3d at 952, 730 N.E.2d at 531 ("a trial court is vested with *forum non conveniens* discretion only after it has made the legal determination that there is more than one proper venue and the venue in which plaintiff chose to file the action is one of the proper venues").

### III. CONCLUSION

For the reasons stated, we reverse the trial court's denial of Reid

and Affiliated's motion to transfer venue and remand for further proceedings consistent with this court's opinion.

Reversed and remanded.

TURNER, P.J., and KNECHT, J., concur.