2021 IL App (2d) 200202-U
No. 2-20-0202
Order filed September 29, 2021

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| MATTHEW P. MAUTONE, SR. and MATTHEW P. MAUTONE, JR., Individually and Derivatively on Behalf of TAM TRUCKING LOGISTICS, LLC, and TAM TRUCKING, INC., | ) ) ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiffs-Appellants, | ) ) ) | |
| v. | ) ) | No. 19-L-597 |
| SUNSET LOGISTICS, LLC, and DONALD P. MUELLER, | ) ) ) ) | |
| Defendants-Appellees | ) ) | |
| (TAM Trucking Logistics, LLC, nominal defendant). | ) ) ) | Honorable Mark Pheanis, Judge, Presiding. |

JUSTICE HUTCHINSON delivered the judgment of the court.
Justices Jorgensen and Birkett concurred in the judgment.

**ORDER**

¶ 1   *Held*:   Absent a sufficient report of the proceedings, the circuit court's dismissal for improper venue is presumed to be in conformity with the law and had a proper factual basis. Affirmed.

¶ 2   In response to the five-count complaint of Matthew Mautone Sr. (Mautone), Matthew Mautone Jr. (Mautone Jr.), TAM Trucking Logistics, LLC (TAM Logistics), and TAM Trucking,

Inc. (TAM Trucking) (collectively, plaintiffs), Sunset Logistics LLC (Sunset Logistics), Donald Mueller and TAM Logistics (collectively, defendants) filed a motion to dismiss for improper venue, or in the alternative for transfer based on *forum non conveniens*. The circuit court granted defendants' motion, finding that the proper venue was McHenry County. Plaintiffs appeal, arguing that venue is proper in Kane County under both the residency and transactional prongs of the venue statute, section 2-101 of the Code of Civil Procedure (735 ILCS 5/2-101 (West 2018)). For the following reasons, we affirm the circuit court's order.

¶ 3                                    I. BACKGROUND

¶ 4      The following relevant facts are set forth in the complaint, motion, and affidavits of record.

¶ 5      In 2018 Mautone Jr. was employed as a dispatch manager for Sunset Logistics, a limited liability company that provides local and long-distance hauling for the construction industry. At some time during his employment, he introduced his father, Mautone, to his boss, Mueller. In May 2018, Mautone (as the sole shareholder of TAM Trucking) and Mueller (as the sole shareholder of Sunset Logistics) entered into an asset purchase agreement. The parties agreed that Sunset Logistics would purchase from TAM Trucking "substantially all" assets, including two trailers, office equipment, and business operations records. In lieu of cash for the assets, the parties agreed to form a new limited liability company, TAM Logistics, in which Mautone would have a 20% membership interest, Mautone Jr. would have a 10% membership interest, and Mautone's wife, Diane, would work as a manager with a yearly salary of $60,000. Sunset Logistics would hold the remaining 70% interest of TAM Logistics and would assume responsibility for the office space TAM Trucking leased in St. Charles. The asset purchase agreement contained an arbitration clause, which stated "[a]ny controversy or claim arising out of this Agreement, or breach thereof, shall be settled by binding arbitration administered by the American Arbitration Association *** with one

arbitrator to be held in McHenry County, Illinois," as well as several references to the operating agreement of the newly formed TAM Logistics. Following these negotiations, the entity began operations.

¶ 6     At some time in October 2019 Mautone Jr. was excluded from the premises of TAM Logistics, and in November 2019 both Mautone Jr. and Diane were terminated. On November 27, 2019, plaintiffs filed suit in Kane County alleging oppression of minority interest members, breach of fiduciary duty, contract and operating agreement, and unjust enrichment.

¶ 7                                    II. ANALYSIS

¶ 8     Plaintiffs' brief advances three general issues in support of their contention that venue is proper in Kane County: (1) both Sunset Logistics and TAM Logistics are residents of Kane County, (2) the transaction out of which the cause of action arose occurred in Kane County, and (3) the venue clause in the operating agreement supports venue in Kane County. In other words, plaintiffs contend that the circuit court erred in finding venue in Kane County improper.

¶ 9     Proper venue is an important statutory privilege that belongs to a defendant, and, as such, it is accorded great weight by Illinois courts. *Tabirta v. Cummings*, 2020 IL 124798, ¶ 16. The purpose of the venue statute is to ensure that a cause of action will be brought in either a location convenient to the defendant (*i.e.*, in its county of residence), or convenient to potential witnesses (*i.e.*, in the county where the cause of action arose). *Id.* "[A] party should not be put to the burden of defending an action in a county where the party does not maintain an office or do business and where no part of the transaction complained of occurred." *Bucklew v. G.D. Searle & Co.*, 138 Ill. 2d 282, 289 (1990).

¶ 10    A defendant who objects to a plaintiff's chosen venue bears the burden of proving the selected venue is incorrect. *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 155 (2005). In

considering a defendant's motion to dismiss based on improper venue, the circuit court should construe the statute liberally in favor of effecting a change of venue. *Tabirta*, 2020 IL 124798, ¶ 17. On appeal, courts of review will not disturb a circuit court's factual findings unless they are against the manifest weight of the evidence but we review *de novo* the correctness of the circuit court's legal conclusions. *Id.* Here, however, such a review is not possible.

¶ 11    The common law record contains 303 pages including in pertinent part: plaintiffs' complaint, defendants' motion to dismiss, plaintiffs' response, and the order dismissing the action. The order indicated that the proper venue was McHenry County and granted defendants' motion to dismiss for improper venue without prejudice to refiling in McHenry County. The order does not set forth additional factual findings and does not explain precisely why the motion was granted. There is no transcript of the hearing on defendants motion to dismiss, or a bystander's report or agreed statement of facts (Ill. S. Ct. R. 323(c), (d) (eff. July, 1, 2017)), reflecting what was said at the hearing, what facts were asserted at the hearing, or what arguments the court found persuasive or unconvincing.

¶ 12    Our supreme court has long held that that in order to support a claim of error on appeal the appellant has the burden to present a sufficiently complete record. *Webster v. Hartman*, 195 Ill. 2d 426, 432 (2001) (citing *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984)). Here, plaintiffs' claim the circuit court erred in finding venue in McHenry County proper and Kane County improper. However, unless there is a contrary indication in the order or in the record, we must presume that the court heard adequate evidence to support the decision that was rendered. *Foutch*, 99 Ill. 2d at 394. Here, we are without a basis to meaningfully evaluate the circuit court's decision; therefore, we are obliged to affirm it. *Id.*

¶ 13                                III. CONCLUSION

¶ 14    In sum, plaintiffs have failed to provide us with a sufficient record of the proceedings below. Accordingly, for the reasons stated, we affirm the judgment of the circuit court of Kane County.

¶ 15    Affirmed.